| | | | |
|---|---|---|---|
| Debtor 1 | **Denise M. Pacitti** | | |
| | First Name    Middle Name | Last Name | |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name    Middle Name | Last Name | |

United States Bankruptcy Court for the: **WESTERN DISTRICT OF NEW YORK**

Case number:

(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113
# Chapter 13 Plan                                                                                           12/17

## Part 1:  Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2:  Plan Payments and Length of Plan

**2.1** **Debtor(s) will make regular payments to the trustee as follows:**

**$1055.00** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☑ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Denise M. Pacitti** | Case number | |
|---|---|---|---|

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>63,300.00</u>.

### Part 3: Treatment of Secured Claims

**3.1** Maintenance of payments and cure of default, if any.

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** Request for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **HSBC Bank USA, NA** | $110,793.00 | **114 Suzette Dr. Cheektowaga, NY 14227** filed: 01/03/2005 | $85,000.00 | $0.00 | $43,372.00 | 0.00% | $309.60 | $17,957.08 |
| **McCABE, WEISBURG & CONWAY, P.C.** | $0.00 | as attorneys for HSBC Bank/Rushmore Loan Services | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 |

| Debtor | Denise M. Pacitti | | | | Case number | | | |
|---|---|---|---|---|---|---|---|---|

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Rushmore Loan Management Services | $0.00 | as mortgage servicer | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 |

*Insert additional claims as needed.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4** **Lien avoidance**.

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### Part 4: Treatment of Fees and Priority Claims

**4.1** **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **7.50**% of plan payments; and during the plan term, they are estimated to total $**4,747.80**.

**4.3** **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**2,495.00**.

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☐ The sum of $_____.
☑ **5** % of the total amount of these claims, an estimated payment of $_____.

| Debtor | **Denise M. Pacitti** | Case number | |
|---|---|---|---|

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**1,218.75**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

    ☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one*.

    ☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

    ☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☑ plan confirmation.
☐ entry of discharge.
☐ other: _____

### Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**
    ☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9: Signature(s):

**9.1** **Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X /s/  
**Denise M. Pacitti**  
Signature of Debtor 1  

Executed on 04/20/2018  

X /s/  
**David F. Butterini**  
Signature of Attorney for Debtor(s)  

X _____  
Signature of Debtor 2  

Executed on _____  

Date 04/20/2018  

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

Official Form 113      **Chapter 13 Plan**      Page 4

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Case 1-18-10778-MJK    Doc 2    Filed 04/23/18    Entered 04/23/18 11:46:51    Desc Main
Document    Page 4 of 8

Debtor   **Denise M. Pacitti**                                           Case number

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $17,957.08 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $7,242.80 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $0.00 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)*    + | $0.00 |
| | **Total of lines a through j** | $25,199.88 |

In re   **Denise M. Pacitti**                                                                 Case No. _____

                                                    Debtor(s)

# Chapter 13 Plan Addendum
(Explanation of terms contained in Official Form 113 filed in this case)

    In compliance with 11 U.S.C. 1325 (a) (2), the Chapter 13 Plan filed in this case (Official Form 113) is proposed in good faith and all of petitioner's net disposable income is committed herein, pursuant to 11 U.S.C. 1325 (b) (1).

    All mortgage obligations of debtor will be paid pursuant to the terms of the specific mortgage contract, unless set out otherwise below.  All claims entitled to priority, per 11 U.S.C. 507, shall receive full payment, via deferred distribution set out below.  Holders of allowed secured non-mortgage claims shall retain the lien securing said claims and shall be paid an amount up to the value of the collateral thereon, unless noted otherwise below.

    Pursuant to 11 U.S.C. 365 (p) (3), all executory contracts and leases held by debtor are assumed unless specifically rejected herein.  The following executory contracts/ leases of the petitioner are rejected: **NONE**


**Mortgage arrearage**: HSBC Bank/Rushmore Loan Services, Inc.: $41,628.03 @ til rate: $ 53,283.00

    **Adequate Protection Payments**: the Trustee shall make adequate protection payments to the lienholders herein until confirmation or dismissal herein, in the following manner: $890.00 per month

**Secured Debt**: Motor Vehicle/PMSI Liens: none

    **Adequate Protection Payments**: the Trustee shall make adequate protection payments to the lienholders herein until confirmation or dismissal herein, in the following manner: $ 0.00 per month

**Administrative Priority Debt** : pursuant to 11 U.S.C. 507 and 11 U.S.C. 2016(a): the balance of counsel fees    for representation in this case re: review of claims filed herein and representation in claims objections thereto; prosecution of lien avoidances, representation re: dismissal motions and dischargeability actions: $2,495.00

**Priority Debt**: none @ til rate: $ 0.00

**Domestic Support Arrears**: (per 11 USC 1322 (b)(10)): none @ til rate: $ 0.00

**Judgment Lien/Secured Loans**: (value of non-exempt property): none @ til rate: $

**Unsecured balance of secured loans**: HSBC Bank (via *Pond*) $38,199.00 @ 5% div.: $ 1,910.00

**Unsecured, nonpriority debt**: $23,380.00 @ 5%  div.: $1,170.00

**Trustee Commission**: $4,425.00


        Total amount of all funds to be paid through Plan: $  63,275.00

        Number of months of duration of herein Plan:            60

        Petitioner shall pay the following sum directly
        to the Chapter 13 Trustee on a monthly basis:       $  1,055.00

Creditors who have co-signers, co-makers or guarantors ("Co-obligators") from whom they are enjoined from collection under 11 U.S.C. section 1301 and which are separately classified shall file their claims, including all of the contractual interest which is due or will become due during the consumation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the petitioner and any co-obligator.

If a pre-confirmation secured or priority claim is filed in an amount greater than specified in the plan, petitioner(s) shall have the option of allowing confirmation to proceed by increasing plan payments or duration as needed to provide for full payment of the claim.

Confirmation of the Plan shall not prevent petitioner(s) from filing an objection to any claim subsequent to confirmation of the Plan, for any reason.

The provisions of this plan bind the petitioner(s) and each creditor, whether or not such creditor has objected to, has accepted or has rejected the plan.

The holder of an allowed claim secured by personal property shall be conclusively deemed to be adequately protected throughout the term of the Plan so long as such creditor has received all payments due under terms of the confirmed plan herein.

Title to all the petitioner's property, of whatever nature and kind and wherever located is hereby vested in the petitioner(s) during the pendency of this Chapter 13 proceeding pursuant to the provisions of 11 U.S.C. section 1327.

Any claim timely and properly filed by a creditor arising from rejection of an executory contract shall be allowed as if such claim had arisen before the date of the filing of the petition, subject to the right of the trustee or petitioner to object to the amount of the claim.

The balance of funds not retained for administrative expenses or used for payments of secured or priority claims shall be accumulated and distributed to unsecured creditors.

General unsecured creditors shall be paid a pro rata share of their claims as are finally determined by the court. The plan will not be deemed to be completed until petitioners herein have paid three years of payments unless allowed unsecured claims are paid in full. No claims shall be allowed unless the creditor shall file a timely proof of claim.

date: 04/20/2018	Petitioner: /s/ Denise M. Pacitti

UNITED STATES BANKRUPTCY COURT
WESTERN DISCTRICT OF NEW YORK
_____

In re

    Denise M. Pacitti                               BK #: 18-
                                                              Chapter 13

                                Debtor
_____

Statement as to Payment upon Secured Liens
and Request for Pre-Confirmation
Adequate Protection Payments
or for Continued Payment Outside Plan

    **1. Adequate Protection Payments:** pursuant to the Standing Order of this Court, dated October 12, 2005, and pursuant to 11 U.S.C. 1325 (a) (5) (B) (iii) (I), the debtor states that a personal financial obligation exists with the herein cited secured creditor(s) and requests that the following adequate protection payments be made by the Chapter 13 Trustee on a monthly basis from Chapter 13 Plan payments received from the debtor until confirmation or dismissal of this case:

| Secured Creditor | Collateral | Amount owed | Adequate Protection Payment |
|---|---|---|---|
| HSBC Bank, N.A. | homestead | $41,628.00 | $890.00 |

    Unless otherwise specified below, the above payments were calculated as follows:

    a. For secured claims not subject to bifurcation under 11 U.S.C. §506, the adequate protection payment is equal to the greater of:

        i.    The total amount owed to the creditor as of the filing date divided by the length of the plan in months; or
        ii.    The replacement value of the collateral (as determined under 11 U.S.C. §506(a)(2) divided by 60.

    b.   For secured claims subject to bifurcation under 11 U.S.C. §506, the adequate protection payment is equal to the replacement value of the collateral (as determined under 11 U.S.C. §506(a)(2)) divided by 60.

    **2. Lien Payments Outside Plan**: The following secured lien obligation of the petitioner is to be paid outside of the herein Plan upon the following collateral: **NONE.**

Dated: 04/20/2018                                        /s/ David F. Butterini, Esq.
                                                         Attorney for Debtor
                                                         919 Kenmore Ave.
                                                         Buffalo, N.Y. 14223
                                                         tel. no: (716) 877-4490